ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ARTHUR WILLIAMS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 309-055 |
| ) | |
| SHONTAL WRIGHT, COII Prison Guard, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Johnson State Prison in Wrightsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and is proceeding *in forma pauperis* ("IFP"). The matter is now before the Court on Plaintiff's "Motion of Conscience," which the Court construes as a motion for a temporary restraining order.[1] (Doc. no. 12). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion be **DENIED**.

---

[1] A temporary restraining order is usually sought "to preserve the status quo until the Court can conduct a thorough inquiry into the propriety of a preliminary or permanent injunction." Hosp. Res. Pers., Inc. v. United States, 860 F. Supp. 1554, 1556 (S.D. Ga. 1994) (Bowen, J.). As explained in further detail below, Plaintiff seeks to preserve the status quo in preventing his transfer from Johnson State Prison, and therefore, the Court construes Plaintiff's motion as one for a temporary restraining order.

## I. BACKGROUND

In his amended complaint,[2] Plaintiff has asserted that he was twice attacked by another inmate at Johnson State Prison in July and August 2009, resulting in various physical injuries. (See doc. no. 6, pp. 2-4). He contends that Defendants, correctional officers at Johnson State Prison, acted with "reckless disregard for [his] safety" by (1) assisting the inmate in attacking Plaintiff in July and (2) placing the attacker back on Plaintiff's same living unit following the first attack. (Id. at 4). Plaintiff also contends that the Georgia Department of Corrections does not employ a proper "mental health screening exam," which he contends results in mentally ill prisoners and healthy prisoners being housed together. (Id. at 6). He further contends that prisoners who are serving life sentences should be separated from those who are not. (Id. at 7). Plaintiff also presents a myriad of other allegations contending that, *inter alia*, his health is at risk because of the failure of "prison officials" to distribute condoms to homosexual inmates and that his safety is at risk because "prison guards" are bringing illegal drugs inside the prison. (Id. at 9, 15).

In his "Motion of Conscience," Plaintiff discusses at length his various religious convictions and his frustration with the requirements for proceeding IFP. (See doc. no. 12, pp. 2-3, 5). He also repeats many of the allegations made in his amended complaint and other motions and states that he can prove these allegations. (Id. at 4-5, 7, 10-11). However, his

---

[2]Pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiff may amend his complaint once as a matter of right before any responsive pleadings have been served, and an amended complaint supercedes and replaces in its entirety Plaintiff's original complaint. Malowney v. Fed. Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). Accordingly, the Court has described the allegations in Plaintiff's amended complaint in providing the background for his motion for injunctive relief. However, Plaintiff's amended complaint has not yet been screened because the deadline for paying the initial partial filing fee has not expired.

only request for action is his plea that the Court not allow "them" to transfer him from Johnson State Prison. (Id. at 11). In support of this request, Plaintiff states that remaining at Johnson State Prison will allow him to "properly litigate" this action and that a transfer will place him at a "disadvantage to prove [his] claims." (Id.). He further states that a transfer will cause him "emotional injury" and that he will be without his "assistant" to help him prosecute this action. (Id.). Finally, Plaintiff contends that any transfer would amount to "retaliation" for bringing this action. (Id.).

## II. INJUNCTIVE RELIEF REQUIREMENTS

Parties moving for injunctive relief must show the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interests. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998)[3] (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

In the case at bar, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, Plaintiff has failed to address, let alone establish,

---

[3]While McDonald's Corp. was decided in the context of a preliminary injunction, the same standards are applicable to Plaintiff's request for a temporary restraining order. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction." (citation omitted)).

3

that there is a substantial likelihood that he will prevail on the merits of his claim. In particular, inmates do not have a constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Indeed, having considered the issue of involuntary prisoner transfers, the Supreme Court found no constitutional liberty interest in the involuntary transfer of an inmate to a different facility. Montanye v. Haymes, 427 U.S. 236, 242-43 (1976). Thus, Plaintiff has no right to be housed at any particular state institution.

Additionally, Plaintiff has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. In order to establish the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate-- as opposed to a merely conjectural or hypothetical-- threat of *future* injury."). To meet this standard, a plaintiff must show "a *likelihood* that irreparable harm will occur." United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56). However, the future injury need not be an inevitability, "*a strong threat of irreparable injury . . . is an adequate basis.*" Id.

According to Plaintiff, a transfer would jeopardize his ability to proceed with his case and cause him "emotional injury." (Doc. no. 12, p. 11). Plaintiff has also alleged that any transfer would leave him without his "assistant" at Johnson State Prison who has been helping him prosecute this action. (Id.). However, Plaintiff has not alleged that he is scheduled to be

4

transferred. Moreover, while Plaintiff has a legal right to assistance from other inmates, Adams v. James, 784 F.2d 1077, 1081 (11th Cir. 1986), he does not have a right to assistance from any particular inmate, Tighe v. Wall, 100 F.3d 41, 43 (5th Cir. 1996). Furthermore, there is no reason to suppose that Plaintiff would not be able to seek assistance from another inmate if he is transferred.

Therefore, Plaintiff's "Motion of Conscience," which has been construed as a motion for a temporary restraining order, should be **DENIED** because Plaintiff has failed to demonstrate that there is a substantial likelihood that he will prevail on the merits, or that there is a substantial threat that he will suffer irreparable injury. Therefore, he cannot meet his burden of persuasion on all four requisites for a temporary restraining order.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's "Motion of Conscience," which the Court construes as a motion for a temporary restraining order, be **DENIED**. (Doc. no. 12).

SO REPORTED and RECOMMENDED this 15th day of October, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE