ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ARTHUR WILLIAMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-055 |
| | ) | |
| SHONTAL WRIGHT, COII Prison Guard, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, commenced this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"), and this matter comes before the Court on Plaintiff's motion for injunctive relief. (Doc. nos. 8-1, 8-2). The Court forwarded Plaintiff's motion to Warden Washington requesting a response. On October 23, 2009, a response was filed with the Court and served on Plaintiff. (Doc. no. 18). Along with various prison records and a copy of the Georgia Department of Corrections Standard Operating Procedure VG32-0001, Warden Washington also submitted his own sworn affidavit and the affidavit of Keith Morris, Chief Counselor at JSP, in response to the Court's request. (See id.).[1] For the reasons set

---

[1] The response to the Court's request also includes arguments contending that Plaintiff's case should be dismissed in its entirety because (1) Plaintiff failed to exhaust his administrative remedies, (2) Plaintiff's claims fail on the merits, and (3) Defendants are entitled to qualified immunity. (See doc. no. 18, pp. 9-26). However, these issues are not before the Court, and thus the Court limits its analysis herein to Plaintiff's request for

forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a temporary restraining order and preliminary injunction be **DENIED**. (Doc. nos. 8-1, 8-2).

## I. BACKGROUND

A.  **Plaintiff's Version of Events**

In his amended complaint,[2] Plaintiff alleges that he reported another inmate, whom he identifies as Edward Thomas, to prison officials for stealing his personal property. (Doc. no. 6, p. 2). According to Plaintiff, Inmate Thomas was placed in segregation for this offense and while he was there, he was allegedly shown Plaintiff's "confidential statement" regarding the theft. (Id.). Plaintiff goes on to state that when Inmate Thomas was released from segregation on July 23, 2009, he was placed back inside Plaintiff's living unit and spoke to Defendants Wright and Foreman. (Id.). Shortly thereafter, these Defendants allegedly opened the door to Plaintiff's cell and allowed Inmate Thomas to attack him with a steel lock. (Id.). Plaintiff maintains that Defendant Foreman handcuffed him "behind his back" while the attack was taking place and walked away, "allowing Inmate Thomas to kick [Plaintiff] in the face and head." (Id.). According to Plaintiff, he suffered a head injury and loss of vision as a result of the attack. (Id.).

---

injunctive relief.

[2]Pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiff may amend his complaint once as a matter of right before any responsive pleadings have been served, and an amended complaint supercedes and replaces in its entirety Plaintiff's original complaint. Malowney v. Fed. Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). Accordingly, the Court has described the allegations in Plaintiff's amended complaint in providing the background for his motion for injunctive relief.

2

Plaintiff goes on to state that he and Inmate Thomas both went to the hospital following the July 23rd incident. (Id. at 3). Plaintiff further alleges that they were both given a disciplinary report and placed in segregation for fighting. (Id.). A disciplinary hearing was later held where, as Plaintiff states, he was found not guilty of fighting and Inmate Thomas was found guilty of assaulting Plaintiff. (Id.). According to Plaintiff, Inmate Thomas remained in segregation but was released back onto Plaintiff's living unit on August 22, 2009, where he once again attacked Plaintiff. (Id. at 4). Plaintiff alleges that he has suffered "more head and eye injuries" and "more loss of eye vision" as a result of the second attack. (Id.). He also alludes to another "physical injury" he suffered that he contends "will last a lifetime." (Id. at 5). Also relevant to the instant motion for injunctive relief, Plaintiff contends that the Georgia Department of Corrections ("GDOC") does not have a "separation policy" in place to separate prisoners from other prisoners who attack them. (Id. at 4).[3]

As the basis for his motion for temporary restraining order and preliminary injunction, Plaintiff summarizes the events described above as follows:

> All Defendants came to [the] mental health unit after my [July 23rd] assault with a steel lock in my head and knew I was assaulted by Edward Thomas and still placed him back into the same living unit after his release from segregation to assault me again.

(Doc. no. 8, p. 3). Plaintiff alleges that prison officials were deliberately indifferent to his safety "for failing to act reasonably in . . . response to danger." (Id.). He requests that the Court grant an injunction "for [his] safety" and order the GDOC to implement a separation

---

[3]Plaintiff's amended complaint has not yet been screened in conformity with the IFP statute, see 28 U.S.C. §§ 1915(e) & 1915A, as the time for paying the initial partial filing fee has not yet expired.

policy "to separate prisoners attacked and assaulted by other prisoners." (Id. at 2). In support of his request for injunctive relief, Plaintiff attaches the affidavit of Julius Burkett, another inmate at Johnson State Prison, who was apparently attacked by an inmate named Terry Wedgworth. (Doc. no. 8, Burkett Aff.). The other affidavits Plaintiff attaches to his motion do not describe any events relating to assaults at Johnson State Prison. (See id., Turner Aff., Smith Aff., Ray Aff.).

B.  **Warden Washington's Response**

Warden Washington confirms in his sworn affidavit that Plaintiff and Inmate Thomas were in two altercations on July 23, 2009, and August 22, 2009. (Washington Aff., ¶¶ 4-5, 14-16). However, prison records, including the July 23rd incident report and statements taken from witnesses to the event, indicate that Defendants Foreman and Wright did not assist Inmate Thomas in the July 23rd attack. (Id, Atts. 1 & 2). Rather, these records demonstrate that the fight on July 23rd was already in progress when Defendants Foreman and Wright were making their rounds. (Id.). When they observed Plaintiff and Inmate Thomas fighting, they immediately called for help, and Defendant Foreman intervened to break up the fight. (Id.).

The affidavit of Warden Washington also confirms that Inmate Thomas was placed back in Plaintiff's same living unit on August 22, 2009. (Id., ¶ 14-15). However, Warden Washington avers that this typically would not happen under prison policy and that the placement was inadvertent, as both Plaintiff and Inmate Thomas are Level III mental health patients, who are both required to be housed on a Supportive Living Unit ("SLU") per GDOC policy. (Id., ¶ 9 & Att. 4). The E-2 Unit was JSP's only SLU, and when Inmate

4

Thomas was released from isolation on August 22, 2009, a Saturday, an officer named Lieutenant O'Neill inadvertently placed him back on the E-2 Unit, where Plaintiff was housed, in an attempt to timely release Inmate Thomas once he had served his time in isolation. (Id., ¶¶ 9, 15). Only because the release happened on a Saturday, when no administrative staff were working, was Inmate Thomas placed back on the same living unit with Plaintiff. (Id., ¶ 15).

## II. INJUNCTIVE RELIEF REQUIREMENTS

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest.[4] McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

---

[4]Here, Plaintiff has styled his motion for injunctive relief as one for both a temporary restraining order and a preliminary injunction. A temporary restraining order is usually sought "to preserve the status quo until the Court can conduct a thorough inquiry into the propriety of a preliminary or permanent injunction." Hosp. Res. Pers., Inc. v. United States, 860 F. Supp. 1554, 1556 (S.D. Ga. 1994) (Bowen, J.), but it is clear that Plaintiff does not seek to preserve the status quo. In any event, the Court has evaluated Plaintiff's request under the well-known standards generally applicable to both types of requests for injunctive relief. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction." (citation omitted)).

Here, Plaintiff has failed to meet his burden of persuasion as to all four requisite elements because he has not demonstrated that he will suffer a substantial threat of irreparable injury if the injunction is not granted.[5] In order to establish the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate-- as opposed to a merely conjectural or hypothetical-- threat of *future* injury."). To meet this standard, a plaintiff must show "a *likelihood* that irreparable harm will occur." United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56). However, the future injury need not be an inevitability, "*a strong threat* of irreparable injury . . . is an adequate basis." Id.

Here, Warden Washington avers in his sworn affidavit that Inmate Thomas is no longer incarcerated at JSP. (Doc. no. 18, Ex. A, ¶ 17) ("Washington Aff."). Indeed, Warden

---

[5]To the extent Plaintiff has attempted to demonstrate a substantial likelihood of success on the merits by submitting affidavits from other inmates, this attempt fails. The affidavit of Inmate Burkett does not provide any information regarding the events that form the basis for Plaintiff's request for injunctive relief. Indeed, Inmate Burkett does not allege that he was assaulted by Inmate Thomas or that he witnessed either of the alleged assaults on Plaintiff. Moreover, the other affidavits submitted by Plaintiff do not even describe assaults, much less the alleged assaults on Plaintiff. Rather, they describe homosexual activity and drug transactions that are allegedly occurring at Johnson State Prison, as well as general dissatisfaction with being incarcerated. (See doc. no. 8, Turner Aff., Smith Aff., Ray Aff.).

Washington avers and Inmate Thomas's Movement History demonstrates that on October 1, 2009, Inmate Thomas was transferred to Augusta State Medical Prison. (Id., ¶ 17 & Att. 3, p. 2). Plaintiff cannot show that he faces any threat of injury is actual or imminent because he and Inmate Thomas are no longer incarcerated at the same facility, much less the same living unit. Moreover, Warden Washington avers that inmates who have been in altercations are not typically placed in the same housing unit with each other following the incident in order to prevent another altercation. (Id., ¶ 14). Thus, Plaintiff's request for a "separation policy" is moot. In sum, Plaintiff's motions for injunctive relief should be **DENIED** because he has failed to demonstrate a substantial threat of irreparable injury if the injunction is not granted, and thus, Plaintiff cannot meet his burden of persuasion on all four requisites for injunctive relief.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a temporary restraining order and preliminary injunction be **DENIED**. (Doc. nos. 8-1, 8-2).

SO REPORTED and RECOMMENDED this ___ day of October, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

7