ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ARTHUR WILLIAMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-055 |
| | ) | |
| SHONTAL WRIGHT, COII Prison Guard, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's motion for a temporary restraining order and preliminary injunction is **DENIED**. (Doc. nos. 8-1, 8-2).

The Court also takes this opportunity to address Plaintiff's "Motion of Objection" (doc. no. 17), in which Plaintiff objects to a portion the Magistrate Judge's October 15, 2009 Order denying his motions to appoint counsel, (see doc. no. 16, pp. 3-4). A district court reviewing a magistrate judge's decision on a nondispositive issue "must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); Loc. R. 72.2; Weeks Stevedoring Co. v. Raymond Int'l Builders, Inc., 174 F.R.D. 301, 303 (S.D.N.Y. 1997). As previously explained by the

Magistrate Judge, as a general rule, there is no entitlement to appointed counsel in a civil rights case, such as this one, brought pursuant to 42 U.S.C. § 1983. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975).[1] Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216. The Magistrate Judge found that Plaintiff had not shown that he was entitled to appointment of counsel, specifically noting that "this is a straightforward Eighth Amendment case regarding Defendants' alleged indifference to Plaintiff's safety and other conditions of confinement" and that Plaintiff's filings evidenced an ability "to present his claims and adequately communicate with the Court." (Doc. no. 16, pp. 3-4). The Court also found unpersuasive Plaintiff's argument that he needs an attorney because his preferred assistant (another inmate) is no longer available. (Id. at 4 (citing Adams v. James, 784 F.2d 1077, 1081 (11th Cir. 1986) and Tighe v. Wall, 100 F.3d 41, 43 (5th Cir. 1996)). Accordingly, the Magistrate Judge denied Plaintiff's motions to appoint counsel. (Id. at 3-4).

Plaintiff has presented nothing in his "Motion of Objection" that would warrant a different result. Indeed, Plaintiff simply states that he objects to the Magistrate Judge's Order denying him appointment of counsel and that he "can prove [his] allegations." (Doc. no. 17, p. 1). Thus, upon review of Plaintiff's objections and the Magistrate Judge's Order, the Court concludes that the Magistrate Judge's decision to deny Plaintiff's motions to appoint counsel was not clearly erroneous or contrary to law. Accordingly, there is no reason

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

to disturb the portion of the Magistrate Judge's Order denying Plaintiff's motions to appoint counsel. Therefore, Plaintiff's objections are **OVERRULED**, and his "Motion of Objection" is **DENIED**. (Doc. no. 17).

SO ORDERED this 16th day of December, 2009, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE